**THAIN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
The Honorable Michael E. Romero

|  |  |
|---|---|
| In re:<br><br>Fawn Leslie Batista,<br><br>    Debtor. | Case No. 25-12499 MER<br><br>Chapter 7 |

## ORDER GRANTING MOTIONS TO AVOID LIENS

THIS MATTER comes before the Court on three Motions to Avoid Fixing of Judicial Lien of CSI Factoring LLC and CSI Financial LLC To U.S.C. Section 522(f)(1)(A) ("**Motions to Avoid**") filed by the Debtor, Fawn Batista, and the three Objections filed by CSI Factoring LLC and CSI Financial LLC (collectively, "**CSI**").[1]

## BACKGROUND

The Debtor filed this Chapter 7 bankruptcy case on April 28, 2025.  In her schedules, she claimed a $350,000 homestead exemption for her home located at 108 Quartz Road, Florissant, Colorado.  No party objected to her claimed exemptions.  Prior to the petition date, CSI obtained three state court judgments against the Debtor, her late husband, Ricardo Batista, and a company they owned, Blackwing Enterprises, LLC.  The judgments were in the amounts of $419,288.09, $137,103.04, and $9,669.60, plus accrued interest.  These judgments relate to various factoring agreements between CSI and Blackwing, which the Debtor and her late husband personally guaranteed.  CSI recorded transcripts of judgment in the Teller County, Colorado, real property records, thereby encumbering Debtor's home with three judgment liens.

In her Motions to Avoid, Debtor seeks to avoid CSI's judgment liens pursuant to 11 U.S.C. § 522(f).  Section 522(f) states that "a lien shall be considered to impair an exemption to the extent that the sum of-- (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property . . . exceeds the value that the debtor's interest in the property would have in the absence of any liens."[2]  Stated another way, a debtor may avoid a judicial lien to the extent that the lien exceeds the debtor's net equity after deducting un-avoidable liens and the debtor's homestead exemption.[3]  In her Motions to Avoid, Debtor asserts the value of her home is $407,300 and that it is encumbered by a

---

[1] ECF No. 19, 22, 25, 29, 30, 31.

[2] 11 U.S.C. § 522(f)(2)(A).

[3] *Pearson v. Security Prop., Inc. (In re Pearson)*, 428 B.R. 533, 535-37 (Bankr. Colo. 2010).

consensual mortgage lien of $129,897.  If you subtract the amount of the unavoidable mortgage lien and the claimed homestead exemption from the asserted value of the home [$407,300 - $129,897 - $350,000 = ($72,597)], the Debtor has no "net equity" in her home to which CSI's judgment liens could attach. This means, under Debtor's calculations, all of CSI's liens are avoidable under § 522(f) as impairing her homestead exemption.

CSI does not dispute the Debtor's calculations.  Instead, CSI's objections are based solely on an assertion that Debtor previously waived her homestead exemption and thus cannot seek avoidance under § 522(f).  CSI relies on personal guarantees that the Debtor signed for CSI in which she agreed to waive her homestead exemption.[4] CSI also points to state court probate proceedings for the Debtor's late husband in which the waiver issue was apparently considered.  CSI asserts that the Debtor filed an application for a homestead exemption in the probate proceeding, to which CSI objected, citing the Debtor's prior waiver in her personal guaranties.[5]  The Debtor did not respond, and the state court entered an order denying the Debtor's application, noting that the Debtor "has not filed any responsive pleading and apparently does not contest the validity of the Guaranty Agreements.[6]  CSI argues the probate court's order amounts to a final order determining Debtor waived her homestead exemption and that the order should have a preclusive effect in this contested matter.

The Debtor does not dispute she signed the personal guaranties or that the probate court entered its order denying her homestead exemption application. However, she argues those facts do not prevent her from avoiding CSI's lien under § 522(f).  The Court agrees.

### DISCUSSION

By its terms, § 522(f) makes clear a prepetition waiver of an exemption does not preclude avoidance of a lien under that statute.  The statute permits a debtor, "[n]otwithstanding a waiver of exemptions," to avoid the fixing of a lien on an interest of the debtor in property to the extent the lien impairs an exemption to which the debtor otherwise would have been entitled.  As one court put it:

> If a prepetition waiver of a homestead exemption under state law were to mean that a debtor is not entitled to claim the exemption in a bankruptcy case for purposes of avoiding a judicial lien, the debtor could never avoid a judicial lien against the property under § 522(f) as impairing "an exemption to which the debtor would have been entitled."  § 522(f)(1). That would

---

[4]  CSI Objections, Ex. 2.

[5] CSI Objections, Exs. 20, 21.

[6] CSI Objections, Ex. 22.

2

render the language "[n]otwithstanding any waiver of exemptions" contained in § 522(f)(1) a nullity.[7]

This conclusion is reinforced by § 522(e), which in relevant part says: "[a] waiver of an exemption executed in favor of a creditor that holds an unsecured claim against the debtor is *unenforceable* in a case under this title with respect to such claim against property that the debtor may exempt under subsection (b) of this section."[8]  Section 522(e) was added to the Bankruptcy Code to "protect[] the debtor's exemptions, either Federal or State, by making unenforceable in a bankruptcy case a waiver of exemptions."[9]

Notably, the language of § 522(e) is limited to exemption waivers given to "unsecured" creditors.  Judicial lienholders, like CSI, might characterize themselves as secured creditors to avoid the language of § 522(e).  However, courts have interpreted the language differently:

> Reading 11 U.S.C. §§ 522(e) and (f)(1) together, I conclude that a judicial lienholder should be viewed as a "creditor that holds an unsecured claim" for purposes of 11 U.S.C. § 522(e). While this may seem initially counterintuitive, 11 U.S.C. § 522(f)(1)(A) operates "[n]otwithstanding any waiver of exemptions," meaning that if a judicial lien hypothetically impairs the exemption, the lienholder's exemption waiver is unenforceable. If the judicial lien is not subject to avoidance under 11 U.S.C. § 522(f)(1)(A) because it does not impair an exemption, then the exemption waiver is irrelevant. Therefore, as a practical matter, there is no circumstance in which an exemption waiver in favor of a judicial lienholder would be enforceable under 11 U.S.C. § 522(e), but not 11 U.S.C. § 522(f)(1)(A).[10]

This Court agrees.  Interpreting § 522(f)(1) and § 522(e) together means that the prepetition waiver of exemption Debtor signed is unenforceable in the § 522(f) context and does not preclude the Debtor from avoiding CSI's judgment liens under that subsection.[11]

---

[7] *In re Romo*, 668 B.R. 661, 670 (Bankr. D. N.M. 2025) (holding that debtor's prior waiver of homestead exemption in prepetition foreclosure action did not preclude debtor from seeking avoidance of judgment lien under § 522(f)).

[8] 11 U.S.C. § 522(e) (emphasis added).

[9] *In re D'Italia*, 507 B.R. 769, 774 n.22 (Bankr. D. Mass. 2014) (citing H.R.Rep. No. 595, 95th Cong., 1st Sess. p. 362 (1977), reprinted in U.S.Code Cong. & Admin.News 1978, pp. 5963, 6318).

[10] *Id*. at 774-75 (citing *Owen v. Owen*, 500 U.S. 305, 313 (1991)).

[11] *Id*. at 774-75; *In re Smith*, 119 B.R. 757 (Bankr. E.D. Calif. 1990) ("[t]he plain meaning of section 522(f) demands the conclusion that a debtor may avoid a lien on exempted property despite the debtor's waiver

CSI argues the state court's order denying Debtor's homestead exemption application in the probate case should have a preclusive effect in this proceeding, either through application of collateral estoppel or the *Rooker-Feldman* doctrine.  There are several problems with this argument.  First, it wholly ignores the language of § 522(f) and (e) discussed above.[12]  Further, CSI, as the party asserting issue preclusion must satisfy four requirements: "(1) The issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) The party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) There was a final judgment on the merits in the prior proceeding; (4) The party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding."[13]  In this case, the first element is not met.  While the probate proceeding may have addressed the applicability of Debtor's exemption regarding her late husband's probate estate, it in no way decided Debtor's rights under § 522(f).  Indeed, Debtor could not have asserted a claim to avoid CSI's judgment liens during the probate action because Debtor's lien avoidance rights under § 522 did not exist until she filed bankruptcy.[14]  As such, these § 522(f) issues were not previously adjudicated.  Furthermore, to the extent the state court's order was entered due to Debtor's default (*i.e.*, failure to respond), the order is not entitled to preclusive effect under Colorado law because the issue was not "actually litigated."[15]

For the same reasons, the *Rooker-Feldman* doctrine is inapplicable.  That doctrine is designed to prevent federal courts from sitting as appellate courts over state-court judgments.  Here, this Court is not reviewing the merits of the state court order or otherwise seeking to overturn it.  The state court's determination that the Debtor waived her exemption in the context of the probate case remains standing.  The issue for this Court to decide is not whether the state court order is correct as to Debtor's rights in the

---

of the exemption."); *In re Blair*, 79 B.R. 1, 3 (Bankr. D. Ariz. 1987) ("Even if [creditor] had established a waiver under state law, federal bankruptcy law prohibits waiver of an exemption in favor of an unsecured creditor. 11 U.S.C. § 522(e).").

[12] At a preliminary hearing on CSI's Objections, the Court asked the parties about the applicability of § 522(e) to this matter and allowed the parties to file further briefs on that issue.  The brief filed by CSI failed to address § 522(e).

[13] *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 84-85 (Colo. 1999) (citing *Michaelson v. Michaelson*, 884 P.2d 695, 700-01 (Colo. 1994)).

[14] *In re Romo*, 668 B.R. at 673-74 (holding state court order regarding exemption in foreclosure proceeding did not have preclusive effect with respect to Debtor's rights under § 522(f)); *In re Quade*, 482 B.R. 217, 234-35 (Bankr. N.D. Ill. 2012) (holding that debtor's waiver of exemption in prepetition collection action did not have preclusive effect in later § 522(f) proceeding); *In re Kadoch*, 528 B.R. 626, 638-39 (Bankr. D. Vt. 2015) ("[E]ven assuming *arguendo* the Debtor voluntarily waived his homestead rights in the state court proceeding, that waiver would be unenforceable in this case, if the Debtor seeks to avoid the [creditor's] Judgment lien."); *In re Watkins*, 298 B.R. 342, 351 (Bankr. N.D. Ill. 2003) (same).

[15] *In re Ries v. Sukut (In re Sukut)*, 357 B.R. 834, 840 (Bankr. D. Colo. 2006) (default judgment not entitled to preclusive effect under Colorado law).

probate estate, but whether the CSI's judicial liens can be avoided pursuant to federal bankruptcy law.[16]

As discussed above, Debtor's prepetition exemption waiver does not preclude her from seeking to void CSI's judgment liens under § 522(f).  Debtor has demonstrated that those liens impair her homestead exemption.  CSI does not dispute Debtor's assertions of impairment.  Accordingly, avoidance of CSI's liens under § 522(f) is appropriate.

## CONCLUSION

For all these reasons, it is hereby ORDERED as follows:

1. The Objections filed by CSI are OVERRULED, and Debtor's Motions to Avoid are GRANTED.

2.  The judicial liens of CSI Factoring LLC and CSI Financial LLC on the Debtor's interest in the real property known as 108 Quartz Road, Florissant, CO 80816 are avoided pursuant to 11 U.S.C. § 522(f).

Dated: March 24, 2026                    BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

---

[16] *In re Quade*, 482 B.R. at 234-35 (Rooker-Feldman does not apply to § 522(f) issue not determined by the state court); *In re Watkins*, 298 B.R. at 351 (same).

5